MICHAEL J. TETER (16734)
DIANA F. BRADLEY (14603)
Assistant Utah Attorneys General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
E-mail: mteter@agutah.gov
          dbradley@agutah.gov

*Attorneys for State Defendants*

---

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RONALD MAY, TOBY GARCIA, TODD MULDER and CURTIS ELLIS, <br><br>                              Plaintiffs, <br><br> v. <br><br> UTAH DEPARTMENT OF CORRECTIONS, MIKE HADDON, UDOC Interim Executive Director, in his official capacity, TONY WASHINGTON, UDOC Clinical Services Director, in his individual and official capacities and DOES 1-10, <br><br>                              Defendants. | **DEFENDANTS UTAH DEPARTMENT OF CORRECTIONS', MIKE HADDON'S, AND TONY WASHINGTON'S ANSWER TO PLAINTIFFS' COMPLAINT** <br><br><br> Case No. 2:18-cv-00854-RJS <br><br> Judge Robert J. Shelby |

Defendants Utah Department of Corrections ("UDOC"), Mike Haddon and Tony Washington ("State Defendants"), by and through counsel, Michael J. Teter and Diana F. Bradley, Assistant Utah Attorneys General, answer the Civil Rights Complaint ("Complaint") filed by Plaintiffs Ronald May, Toby Garcia, Todd Mulder, and Curtis Ellis and assert their defenses as follows.

## JURISDICTION

1.    State Defendants admit the allegations in paragraph 1 of the Complaint.

2.    State Defendants admit the allegations in paragraph 2 of the Complaint.

## VENUE

3.    State Defendants admit the allegations in paragraph 3 of the Complaint that the venue is proper pursuant to 28 U.S.C.§1391(b).

## THE PARTIES

4.    State Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 4 of the Complaint and therefore deny those allegations.

5.    State Defendants admit the allegation in paragraph 5 that Utah Department of Corrections ("UDOC") is a public entity. The remaining allegations in paragraph 5 set forth legal conclusions and questions of law to which no response is required.

6.     Defendant Haddon admits the allegation in paragraph 6 of the Complaint that he is the Interim Executive Director of UDOC and was acting within the scope of the agency or employment and under color of state law. The remaining allegations in paragraph 6 set forth legal conclusions and questions of law to which no response is required.

7.     Defendant Washington admits the allegations in paragraph 7 of the Complaint.

8.     State Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 8 of the Complaint and therefore deny those allegations.

## JURY DEMAND

9.     State Defendants admit that Plaintiffs have demand a jury trial.

## GENERAL ALLEGATIONS

### *Hepatitis C and Its Symptoms*

10.    State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 10 of the Complaint and therefore deny those allegations.

11.    State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 11 of the Complaint and therefore deny those allegations.

12.    State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 12 of the Complaint and therefore deny those allegations.

13.    State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 13 of the Complaint and therefore deny those allegations.

14.    State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 14 of the Complaint and therefore deny those allegations.

15.    State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 15 of the Complaint and therefore deny those allegations.

16.    State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 16 of the Complaint and therefore deny those allegations.

17.    State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 17 of the Complaint and therefore deny those allegations.

18.    State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 18 of the Complaint and therefore deny those allegations.

19.    State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 19 of the Complaint and therefore deny those allegations.

20.    State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 20 of the Complaint and therefore deny those allegations.

21.    State Defendants deny the allegations contained in paragraph 21 of the Complaint. The UDOC does have a record of inmates diagnosed with HCV, however HCV in and of itself is not considered an impairment

### *General Prevalence of Hepatitis C*

22.    State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 22 of the Complaint and therefore deny those allegations.

23.    State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 23 of the Complaint and therefore deny those allegations.

24.     State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 24 of the Complaint and therefore deny those allegations.

***Standard of Care for HCV***

25.     State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 25 of the Complaint and therefore deny those allegations.

26.     State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 26 of the Complaint and therefore deny those allegations.

27.     State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 27 of the Complaint and therefore deny those allegations.

28.     State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 28 of the Complaint and therefore deny those allegations.

29.     State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 29 of the Complaint and therefore deny those allegations.

30.   State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 30 of the Complaint and therefore deny those allegations.

31.   State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 31 of the Complaint and therefore deny those allegations.

### *Screening, Diagnosis, and Monitoring of HCV*

32.   State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 32 of the Complaint and therefore deny those allegations.

33.   State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 33 of the Complaint and therefore deny those allegations.

34.   State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 34 of the Complaint and therefore deny those allegations.

35.   State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 35 of the Complaint and therefore deny those allegations.

36.   State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 36 of the Complaint and therefore deny those allegations.

## *UDOC's Unlawful Policy and Practice of Denying Treatment for HCV*

37.   State Defendants deny the allegations in paragraph 37 of the Complaint.

38.   State Defendants deny the allegations in paragraph 38 of the Complaint.

39.   State Defendants deny the allegations in paragraph 39 of the Complaint.

40.   Paragraph 40 sets forth legal conclusions and questions of law to which no response is required.

41.   State Defendants deny the allegations in paragraph 41 of the Complaint.

42.   State Defendants deny the allegations in paragraph 42 of the Complaint.

43.   State Defendants deny the allegations in paragraph 43 of the Complaint.

44.   State Defendants deny the allegations in paragraph 44 of the Complaint.

45.   State Defendants deny that they do not screen patients for cancer. UDOC screens patients for cancer when medically indicated. State Defendants lack sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 45 of the Complaint and therefore deny those allegations.

46.   State Defendants admit that UDOC does not screen all incoming inmates for HCV. However, UDOC will screen when clinical indicators suggest such screening is appropriate or if requested by an inmate.

47.   State Defendants deny the allegations in paragraph 47 of the Complaint.

48.   State Defendants deny the allegations in paragraph 48 of the Complaint.

**_Public Health Benefits of Treatment in Prison_**

49.   State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 49 of the Complaint and therefore deny those allegations.

50.   State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 50 of the Complaint and therefore deny those allegations.

**_Allegations Regarding Named Plaintiffs_**

51.   State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 51 of the Complaint and therefore deny those allegations.

52.   State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 52 of the Complaint and therefore deny those allegations.

53.   State Defendants deny the allegations in paragraph 53 of the Complaint.

54.   State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 54 of the Complaint and therefore deny those allegations.

55.   State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 55 of the Complaint and therefore deny those allegations.

### *Todd Mulder*

56.   State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 56 of the Complaint therefore deny those allegations.

### *Curtis Ellis*

57.   State Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 57 of the Complaint therefore deny those allegations.

58.   State Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 58 of the Complaint therefore deny those allegations.

### *Ronald May*

59.   State Defendants lack sufficient knowledge to admit or deny the first sentence of paragraph 59 of the Complaint and therefore deny this allegation. State Defendants deny the second sentence that there was a

memo by Defendant Tony Washington stating that Mr. May was not eligible for DAA medication treatment. State Defendants also deny that Defendant Tony Washington is the highest level decision maker for clinical issues. The remaining allegations set forth legal conclusions and questions of law to which no response is required.

### *Toby Garcia*

60.    State Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 60 of the Complaint therefore deny those allegations.

### *Class Action Allegations*

61.    State Defendants admit the allegations in paragraph 61 of the Complaint that Plaintiffs seek to certify a class of all current and future prisoners in UDOC custody who have been diagnosed or will be diagnosed with chronic HCV.

62.    State Defendants deny the allegations in paragraph 62 of the Complaint.

63.    The allegations set forth in paragraph 63 are legal conclusions and questions of law to which no response is required.

64.    The allegations set forth in paragraph 64 are legal conclusions and questions of law to which no response is required.

## CAUSES OF ACTION

### FIRST CLAIM *Right to Medical Care*
### (8th Amendment to the U.S. Constitution; *42 U.S.C. §1983*)

65. State Defendants reassert their previous responses to each preceding paragraph.

66. State Defendants deny the allegations in paragraph 66 of the Complaint.

67. State Defendants deny the allegations in paragraph 67 of the Complaint.

68. State Defendants deny the allegations in paragraph 68 of the Complaint.

69. The allegations set forth in paragraph 69 are legal conclusions and questions of law to which no response is required.

70. The allegations set forth in paragraph 70 are legal conclusions and questions of law to which no response is required.

71. The allegations set forth in paragraph 71 are legal conclusions and questions of law to which no response is required.

72. State Defendants deny the allegation in paragraph 72 of the Complaint.

73. The allegation set forth in paragraph 73 is a legal conclusion and a question of law to which no response is required.

### SECOND CLAIM Unnecessary Rigor
### *(Utah State Constitution, Article 1, Section 9)*

74.   State Defendants reassert their previous responses to each preceding
      paragraph.

75.   State Defendants deny the allegation in paragraph 75 of the Complaint.

76.   The allegation set forth in paragraph 76 is a legal conclusion and a question
      of law to which no response is required.

77.   State Defendants deny the allegations in paragraph 77 of the Complaint.

78.   State Defendants deny the allegations in paragraph 78 of the Complaint.

79.   State Defendants deny the allegations in paragraph 79 of the Complaint.

80.   The allegation set forth in paragraph 80 is a legal conclusion and
      a question of law to which no response is required.

### THIRD CLAIM Americans with Disabilities Act
### *(42 U.S.C. §12101, et seq.)*

81.   State Defendants reassert their previous responses to each preceding
      paragraph.

82.   The allegations set forth in paragraph 82 are legal conclusions and
      questions of law to which no response is required.

83.   The allegations set forth in paragraph 83 are legal conclusions and
      questions of law to which no response is required.

84.     The allegations set forth in paragraph 84 are legal conclusions and questions of law to which no response is required.

85.     The allegations set forth in paragraph 85 are legal conclusions and questions of law to which no response is required.

86.     The allegations set forth in paragraph 86 are legal conclusions and questions of law to which no response is required.

87.     The allegations set forth in paragraph 87 are legal conclusions and questions of law to which no response is required.

88.     The allegations set forth in paragraph 88 are legal conclusions and questions of law to which no response is required.

89.     The allegations set forth in paragraph 89 are legal conclusions and questions of law to which no response is required.

90.     The allegations set forth in paragraph 90 are legal conclusions and questions of law to which no response is required.

91.     The allegations set forth in paragraph 91 are legal conclusions and questions of law to which no response is required.

92.     The allegations set forth in paragraph 92 are legal conclusions and questions of law to which no response is required.

### *FOURTH CLAIM Rehabilitation Act*
### *(29 U.S.C. §791-794)*

93.   State Defendants reassert their previous responses to each preceding
      paragraph.

94.   State Defendants admit the allegations in paragraph 94 of the Complaint.

95.   The allegations set forth in paragraph 95 are legal conclusions and
      questions of law to which no response is required.

96.   The allegations set forth in paragraph 96 are legal conclusions and
      questions of law to which no response is required.

97.   The allegations set forth in paragraph 97 are legal conclusions and
      questions of law to which no response is required.

98.   The allegations set forth in paragraph 98 are legal conclusions and
      questions of law to which no response is required.

99.   The allegations set forth in paragraph 99 are legal conclusions and
      questions of law to which no response is required.

### *FIFTH CLAIM Declaratory Judgment Act*
### *(28 U.S.C. § 2201(a))*

100.  State Defendants reassert their previous responses to each preceding
      paragraph.

101. The allegations set forth in paragraph 101 are legal conclusions and questions of law to which no response is required.

102. The allegations set forth in paragraph 102 are legal conclusions and questions of law to which no response is required.

## REQUEST FOR RELIEF

As to the allegations made in the Complaint's Request for Relief, Defendants deny that Plaintiffs are entitled to relief, and deny the assertion that they are liable for the damages.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendants deny each and every allegation contained in the Complaint which is not specifically admitted herein.

## THIRD AFFIRMATIVE DEFENSE

Defendants claims are barred and this lawsuit should be dismissed because Plaintiffs have not exhausted their administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

## FOURTH AFFIRMATIVE DEFENSE

Defendants are entitled to qualified immunity.

16

## FIFTH AFFIRMATIVE DEFENSE

Any and all injuries and damages Plaintiffs claim are the result of their own actions or omissions, or from the acts or omissions of third parties over whom Defendants had no authority or control.

## SIXTH AFFIRMATIVE DEFENSE

There is no *respondent superior* liability or strict supervisor liability for constitutional violations or civil rights actions under 42 U.S.C. § 1983.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under the doctrines of waiver, estoppel, and *res judicata*.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert other affirmative defenses as they become known.

## NINTH AFFIRMATIVE DEFENSE

Defendants are immune under the Governmental Immunity Act.

## TENTH AFFIRMATIVE DEFENSE

The State enjoys sovereign immunity.

## ELEVENTH AFFIRMATIVE DEFENSE

The State is not a person under 42 U.S.C. § 1983.

## TWELTH AFFIRMATIVE DEFENSE

Plaintiffs are not proper class representatives.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants

demand a jury trial in this matter on all issues triable by jury.


RESPECTFULLY SUBMITED this 22nd day of February 2019.


OFFICE OF THE UTAH ATTORNEY GENERAL


/s/ Michael J. Teter
MICHAEL J. TETER
DIANA F. BRADLEY
*Attorneys for State Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February 22nd, 2019, I caused the foregoing, **STATE DEFENDANTS UTAH DEPARTMENT OF CORRECTIONS, MIKE HADDON AND TONY WASHINGTON'S ANSWER TO PLAINTIFF'S COMPLAINT,** to be filed using the Court's electronic filing system which gave notification of this filing to the following:

William L. Schmidt
William L. Schmidt, Attorney at Law, P.C.
P.O. Box 25001
Fresno, CA 93729
legal.schmidt@gmail.com

R. Shane Johnson
R. Shane Johnson, PLLC
24 D Street
Salt Lake City, UT 84103
shane@utahdefense.com

*Attorneys for the Plaintiffs*

/s/ Kara Roth