DARIN B. GOFF (11355)
DIANA F. BRADLEY (14603)
Assistant Utah Attorneys General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
E-mail: dgoff@agutah.gov
          dbradley@agutah.gov

*Attorneys for State Defendants*

---

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RONALD MAY, TOBY GARCIA, TODD MULDER and CURTIS ELLIS, <br><br> Plaintiffs, <br><br> v. <br><br> UTAH DEPARTMENT OF CORRECTIONS, MIKE HADDON, UDOC Interim Executive Director, in his official capacity, TONY WASHINGTON, UDOC Clinical Services Director, in his individual and official capacities and DOES 1-10, <br><br> Defendants. | **ANSWER TO AMENDED COMPLAINT** <br><br> Case No. 2:18-cv-00854-RJS <br><br> Judge Robert J. Shelby |

Defendants Utah Department of Corrections ("UDC"), Mike Haddon and Tony Washington ("State Defendants"), by and through counsel, Darin B. Goff and Diana F. Bradley, Assistant Utah Attorneys General, answer the Amended Complaint filed by Plaintiffs Ronald May, Toby Garcia, Todd Mulder, and Curtis Ellis and assert their defenses as follows.

## JURISDICTION

1.   State Defendants acknowledge Plaintiffs have asserted claims under 42 USC § 1983, Title II of the ADA and § 504 of the Rehabilitation act.

2.   State Defendants do not dispute this Court has subject matter jurisdiction over Plaintiff's claims.

## VENUE

3.   State Defendants do not dispute venue is properly laid in the District of Utah.

## THE PARTIES

4.   State Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 4 of the Complaint and therefore deny those allegations.

5.     State Defendants admit the Utah Department of Corrections ("UDC") is a public entity. The remaining allegations in paragraph 5 of the Amended Complaint set forth legal conclusions to which no response is required.

6.     Defendant Haddon admits he is the Interim Executive Director of UDC and was acting within the scope of the agency or employment. The remaining allegations in paragraph 6 of the Amended Complaint set forth legal conclusions to which no response is required.

7.     Defendant Washington admits the allegations in paragraph 7 of the Amended Complaint.

8.     State Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 8 of the Amended Complaint and therefore deny those allegations.

## JURY DEMAND

9.     State Defendants acknowledge that Plaintiffs have demand a jury trial.

## GENERAL ALLEGATIONS

### *Hepatitis C and Its Symptoms*

10.     State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 10 of the Amended Complaint and therefore deny those allegations.

11.   State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 11 of the Amended Complaint and therefore deny those allegations.

12.   State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 12 of the Amended Complaint and therefore deny those allegations.

13.   State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 13 of the Amended Complaint and therefore deny those allegations.

14.   State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 14 of the Amended Complaint and therefore deny those allegations.

15.   State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 15 of the Amended Complaint and therefore deny those allegations.

16.   State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 16 of the Amended Complaint and therefore deny those allegations.

17.    State Defendants lack sufficient knowledge to admit or deny the allegations
set forth in paragraph 17 of the Amended Complaint and therefore deny
those allegations.

18.    State Defendants lack sufficient knowledge to admit or deny the allegations
set forth in paragraph 18 of the Amended Complaint and therefore deny
those allegations.

19.    State Defendants lack sufficient knowledge to admit or deny the allegations
set forth in paragraph 19 of the Amended Complaint and therefore deny
those allegations.

20.    State Defendants lack sufficient knowledge to admit or deny the allegations
set forth in paragraph 20 of the Amended Complaint and therefore deny
those allegations.

21.    State Defendants admit UDC possesses medical records of inmates who
have been diagnosed with HCV. State Defendants deny the remaining
allegations contained in paragraph 21 of the Amended Complaint.

### *General Prevalence of Hepatitis C*

22.    State Defendants lack sufficient knowledge to admit or deny the allegations
set forth in paragraph 22 of the Amended Complaint and therefore deny
those allegations.

23.     State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 23 of the Amended Complaint and therefore deny those allegations.

24.     State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 24 of the Amended Complaint and therefore deny those allegations.

### *Standard of Care for HCV*

25.     State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 25 of the Amended Complaint and therefore deny those allegations.

26.     State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 26 of the Amended Complaint and therefore deny those allegations.

27.     State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 27 of the Amended Complaint and therefore deny those allegations.

28.     State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 28 of the Amended Complaint and therefore deny those allegations.

29.     State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 29 of the Amended Complaint and therefore deny those allegations.

30.     State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 30 of the Amended Complaint and therefore deny those allegations.

31.     State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 31 of the Amended Complaint and therefore deny those allegations.

### *Screening, Diagnosis, and Monitoring of HCV*

32.     State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 32 of the Amended Complaint and therefore deny those allegations.

33.     State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 33 of the Amended Complaint and therefore deny those allegations.

34.     State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 34 of the Amended Complaint and therefore deny those allegations.

35.   State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 35 of the Amended Complaint and therefore deny those allegations.

36.   State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 36 of the Amended Complaint and therefore deny those allegations.

### *UDOC's Unlawful Policy and Practice of Denying Treatment for HCV*

37.   State Defendants deny the allegations in paragraph 37 of the Amended Complaint.

38.   State Defendants deny the allegations in paragraph 38 of the Amended Complaint.

39.   State Defendants deny the allegations in paragraph 39 of the Amended Complaint.

40.   Paragraph 40 of the Amended Complaint sets forth legal conclusions and questions of law to which no response is required.

41.   State Defendants deny the allegations in paragraph 41 of the Amended Complaint.

42.   State Defendants deny the allegations in paragraph 42 of the Amended Complaint.

43.   State Defendants deny the allegations in paragraph 43 of the Amended Complaint.

44.   State Defendants deny the allegations in paragraph 44 of the Amended Complaint.

45.   State Defendants deny that UDC does not screen patients for cancer. State Defendants lack sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 45 of the Amended Complaint and therefore deny those allegations.

46.   State Defendants admit UDC does not screen all incoming inmates for HCV.

47.   State Defendants deny the allegations in paragraph 47 of the Amended Complaint.

48.   State Defendants deny the allegations in paragraph 48 of the Amended Complaint.

**_Public Health Benefits of Treatment in Prison_**

49.   State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 49 of the Amended Complaint and therefore deny those allegations.

50.     State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 50 of the Amended Complaint and therefore deny those allegations.

## *Allegations Regarding Named Plaintiffs*

51.     State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 51 of the Amended Complaint and therefore deny those allegations.

52.     State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 52 of the Amended Complaint and therefore deny those allegations.

53.     State Defendants deny the allegations in paragraph 53 of the Amended Complaint.

54.     State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 54 of the Amended Complaint and therefore deny those allegations.

55.     State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 55 of the Amended Complaint and therefore deny those allegations.

## *Todd Mulder*

56.   State Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 56 of the Complaint therefore deny those allegations.

57.   State Defendants admit UDC has not provided Mr. Mulder with DAA medication. State Defendants lack sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 57 of the Amended Complaint and therefore deny those allegations.

58.   State Defendants admit UDC denied Mulder's Level 1 Grievance on or about August 1, 2018. State Defendants lack sufficient knowledge to admit or deny any remaining allegations set forth in paragraph 58 of the Amended Complaint and therefore deny those allegations.

59.   State Defendants assert the document referenced in paragraph 59 of the Amended Complaint speaks for itself.

60.   State Defendants admit the Level II grievance filed by Mulder was denied on or about August 29, 2018. State Defendants lack sufficient knowledge to admit or deny any remaining allegations set forth in paragraph 60 of the Amended Complaint and therefore deny those allegations.

61.   State Defendants admit UDC denied Mulder's Level III Grievance on or about October 5, 2018 and informed Mulder he had exhausted his

administrative remedies and his only recourse regarding his grievance was to seek a judicial remedy. State Defendants lack sufficient knowledge to admit or deny any remaining allegations set forth in paragraph 61 of the Amended Complaint and therefore deny those allegations.

62. The allegations set forth in paragraph 62 of the Amended Complaint are legal conclusions to which no response is required.

### *Curtis Ellis*

63. State Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 63 of the Amended Complaint and therefore deny those allegations.

64. State Defendants admit Ellis filed Level I, II, and III grievances seeking medical treatment for HCV.

65. State Defendants assert the document referenced in paragraph 65 of the Amended Complaint speaks for itself. State Defendants lack sufficient knowledge to admit or deny the remaining allegations of paragraph 65 of the Amended Complaint and therefore deny those allegations.

66. State Defendants assert the document referenced in paragraph 66 of the Amended Complaint speaks for itself. State Defendants lack sufficient

knowledge to admit or deny the remaining allegations of paragraph 66 of the Amended Complaint and therefore deny those allegations.

67. State Defendants admit UDC denied Ellis's Level III Grievance on or about August 29, 2018 and informed Mulder he had exhausted his administrative remedies and his only recourse regarding his grievance was to seek a judicial remedy. State Defendants lack sufficient knowledge to admit or deny any remaining allegations set forth in paragraph 67 of the Amended Complaint and therefore deny those allegations.

68. The allegations set forth in paragraph 68 of the Amended Complaint are legal conclusions to which no response is required.

### *Ronald May*

69. State Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 69 of the Amended Complaint and therefore deny the same.

70. State Defendants deny the allegations in paragraph 70 of the Amended Complaint.

71. State Defendants deny the allegations in paragraph 71 of the Amended Complaint.

72. The allegations set forth in paragraph 72 of the Amended Complaint constitute legal conclusions to which no response is required.

_**Toby Garcia**_

73.   State Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 73 of the Amended Complaint therefore deny those allegations.

74.   State Defendants assert the documents reference in paragraph 74 of the Amended Complaint. To the extent allegations in paragraph 74 of the Amended Complaint do not comport with the language in the referenced documents, State Defendants deny the same.

75.   State Defendants admit Garcia's Level II grievance was denied on or about August 15, 2018. State Defendants lack sufficient knowledge to admit or deny the remaining allegations of paragraph 75 of the Amended Complaint and on that basis deny the same.

76.   State Defendants or deny the allegations of paragraph 76 of the Amended Complaint and on that basis deny the same.

77.   State Defendants deny the allegations in paragraph 77 of the Amended Complaint.

78.   The allegations set forth in paragraph 78 of the Amended Complaint constitute legal conclusions to which no response is required.

## *Class Action Allegations*

79.    State Defendants acknowledge Plaintiffs seek to certify a class of all current

and future prisoners in UDC custody who have been diagnosed or will be

diagnosed with chronic HCV.

80.    State Defendants deny the allegations in paragraph 80 of the Amended

Complaint.

81.    The allegations set forth in paragraph 81 are legal conclusions to which no

response is required.

82.    The allegations set forth in paragraph 82 are legal conclusions to which no

response is required.

## CAUSES OF ACTION

## FIRST CLAIM
**Right to Medical Care**
**(8th Amendment to the U.S. Constitution; 42 U.S.C. §1983)**

83.    State Defendants reassert their previous responses to each preceding

paragraph.

84.    State Defendants deny the allegations in paragraph 84 of the Amended

Complaint.

85.    State Defendants deny the allegations in paragraph 85 of the Amended

Complaint.

86.    State Defendants deny the allegations in paragraph 86 of the Amended Complaint.

87.    The allegations set forth in paragraph 84 are legal conclusions and questions of law to which no response is required.

88.    The allegations set forth in paragraph 88 are legal conclusions and questions of law to which no response is required.

89.    The allegations set forth in paragraph 89 are legal conclusions and questions of law to which no response is required.

90.    State Defendants deny the allegation in paragraph 90 of the Amended Complaint.

91.    The allegation set forth in paragraph 91 is a legal conclusion and a question of law to which no response is required.

### Second Claim
**Unnecessary Rigor**
**(Utah State Constitution, Article 1, Section 9)**

92.    State Defendants deny the allegations in paragraph 92 of the Amended Complaint.

93.    The allegation set forth in paragraph 93 is a legal conclusion and a question of law to which no response is required.

94.    State Defendants deny the allegations in paragraph 94 of the Amended
       Complaint.

95.    State Defendants deny the allegations in paragraph 95 of the Amended
       Complaint.

96.    State Defendants deny the allegations in paragraph 96 of the Amended
       Complaint.

97.    State Defendants deny the allegations in paragraph 97 of the Amended
       Complaint.

98.    The allegations set forth in paragraph 98 of the Amended Complaint
       constitute legal conclusions and questions of law to which no response is
       required.

## THIRD CLAIM
**Americans with Disabilities Act**
**(42 U.S.C. §12101, et seq.)**

99.    State Defendants reassert their previous responses to each preceding
       paragraph.

100.   The allegations set forth in paragraph 100 of the Amended Complaint
       constitute legal conclusions and questions of law to which no response is
       required.

101.   The allegations set forth in paragraph 101 of the Amended Complaint constitute legal conclusions and questions of law to which no response is required.

102.   The allegations set forth in paragraph 102 of the Amended Complaint constitute legal conclusions and questions of law to which no response is required.

103.   The allegations set forth in paragraph 103 of the Amended Complaint constitute legal conclusions and questions of law to which no response is required.

104.   The allegations set forth in paragraph 104 of the Amended Complaint constitute legal conclusions and questions of law to which no response is required.

105.   The allegations set forth in paragraph 105 of the Amended Complaint constitute legal conclusions and questions of law to which no response is required.

106.   The allegations set forth in paragraph 106 of the Amended Complaint constitute legal conclusions and questions of law to which no response is required.

107.   The allegations set forth in paragraph 107 of the Amended Complaint constitute legal conclusions and questions of law to which no response is required.

108.   The allegations set forth in paragraph 108 of the Amended Complaint constitute legal conclusions and questions of law to which no response is required.

109.   The allegations set forth in paragraph 109 of the Amended Complaint constitute legal conclusions and questions of law to which no response is required.

110.   The allegations set forth in paragraph 110 of the Amended Complaint constitute legal conclusions and questions of law to which no response is required.

## **FOURTH CLAIM**
### **Rehabilitation Act**
### **(29 U.S.C. §791-794)**

111.   State Defendants reassert their previous responses to each preceding paragraph.

112.   State Defendants acknowledge Plaintiffs assert their claim under Section 504 of the Rehabilitation Act.

113. State Defendants admit UDC is a recipient of federal funding.

114. The allegations set forth in paragraph 114 of the Amended Complaint constitute legal conclusions and questions of law to which no response is required.

115. The allegations set forth in paragraph 115 of the Amended Complaint constitute legal conclusions and questions of law to which no response is required.

116. The allegations set forth in paragraph 116 of the Amended Complaint constitute legal conclusions and questions of law to which no response is required.

117. The allegations set forth in paragraph 117 of the Amended Complaint constitute legal conclusions and questions of law to which no response is required.

**<u>FIFTH CLAIM</u>**
**Declaratory Judgment Act**
**(28 U.S.C. § 2201(a))**

118. State Defendants reassert their previous responses to each preceding paragraph.

119. The allegations set forth in paragraph 119 of the Amended Complaint constitute legal conclusions and questions of law to which no response is required.

120.   The allegations set forth in paragraph 120 of the Amended Complaint

constitute legal conclusions and questions of law to which no response is

required.

## REQUEST FOR RELIEF

As to the allegations made in the Amended Complaint's Request for

Relief, Defendants deny that Plaintiffs are entitled to relief, and deny the

assertion that Defendants are liable to Plaintiffs for damages sought.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendants deny each and every allegation contained in the Complaint

which is not specifically admitted herein.

## THIRD AFFIRMATIVE DEFENSE

Defendants claims are barred and this lawsuit should be dismissed because

Plaintiffs have not exhausted their administrative remedies as required by the

Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

## FOURTH AFFIRMATIVE DEFENSE

Defendants are entitled to qualified immunity.

## FIFTH AFFIRMATIVE DEFENSE

Any and all injuries and damages Plaintiffs claim are the result of their own actions or omissions, or from the acts or omissions of third parties over whom Defendants had no authority or control.

## SIXTH AFFIRMATIVE DEFENSE

There is no *respondent superior* liability or strict supervisor liability for constitutional violations or civil rights actions under 42 U.S.C. § 1983.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under the doctrines of waiver, estoppel, and *res judicata*.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert other affirmative defenses as they become known.

## NINTH AFFIRMATIVE DEFENSE

Defendants are immune under the Governmental Immunity Act.

## TENTH AFFIRMATIVE DEFENSE

The State enjoys sovereign immunity.

## ELEVENTH AFFIRMATIVE DEFENSE

The State is not a person under 42 U.S.C. § 1983.

## **TWELTH AFFIRMATIVE DEFENSE**

Plaintiffs are not proper class representatives.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants

demand a jury trial in this matter on all issues triable by jury.


RESPECTFULLY SUBMITED this 5th day of February 2020.


OFFICE OF THE UTAH ATTORNEY GENERAL


/s/ *Diana F. Bradley*
DARIN B. GOFF
DIANA F. BRADLEY
*Attorneys for State Defendants*